UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS HAYNES (#308610)                          CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                         NO.:15-00568-BAJ-RLB

### RULING AND ORDER

On January 11, 2016, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Thomas Haynes's ("Plaintiff") Complaint (Docs. 1, 9) be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted. (Doc. 13).

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 13 at p. 1). Plaintiff timely filed an objection (Doc. 14).

In Plaintiff's objection, he argued that the Magistrate Judge did not examine the "chain of events" that led to Defendant Sgt. Susan Amy offering him a cookie from the canteen as a resolution to his filed administrative grievance ("ARP"). (Doc. 14 at p. 2). Plaintiff argued that the Magistrate Judge should not have "assigned any weight" to Sgt. Amy's ARP Statement and that a hearing should be held to weigh the credibility of Sgt. Amy's account of the events against Plaintiff's account of the events.

(Doc. 14 at p. 3). Plaintiff additionally argued that the search of his cell was conducted with the intent to retaliate against him for filing an ARP complaint, and that the contraband found in his cell should not bar his recovery under § 1983.

When conducting a frivolous review, the Court shall dismiss a complaint when "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Court does not weigh the credibility of a plaintiff's allegations against the statements of a defendant, but relies solely on the complaint and the attachments to the complaint. The Magistrate Judge took Plaintiff's allegations as true and properly considered Sgt. Amy's ARP Statement, which Plaintiff chose to attach to his Amended Complaint. The Court does not find any error in the Magistrate Judge's assessment of the events alleged by Plaintiff and concludes that a hearing is not necessary.

Furthermore, the fact that contraband was found in Plaintiff's cell is relative to the analysis of whether Plaintiff alleged a viable retaliation claim, which requires "but for" causation. Plaintiff's cell contained the contraband, and Plaintiff does not alleged that "but for" an act of the Defendants he would not have been disciplined for the contraband. Even if the Defendants' reaction to the discovery of the contraband was a cause of the adverse action, he does not allege it was the "but for" cause.

Having carefully considered the underlying Complaint and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

IT IS ORDERED that the **Magistrate Judge's Report and Recommendation (Doc. 13)** is **ADOPTED** as the Court's opinion herein.

IT IS FURTHER ORDERED that the above-captioned matter be **DISMISSED** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Baton Rouge, Louisiana, this 29th day of February, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**